IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM GAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-0470-C |
| | ) | |
| SAIA MOTOR FREIGHT LINE, LLC, | ) | |
| a Louisiana limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Following the termination of his employment by Defendant, Plaintiff filed the present

action asserting his termination violated the Family Medical Leave Act, 29 U.S.C. §§ 2601,

et seq. ("FMLA"). In bringing this claim, Plaintiff asserts a claim for liquidated damages as

provided in § 2617. Defendant filed a Motion for Partial Summary Judgment, arguing that

the undisputed material facts demonstrate that Plaintiff cannot recover liquidated damages.

Defendant also argues that Plaintiff cannot recover punitive damages as a matter of law.

Plaintiff concedes that punitive damages are not permitted under the FMLA and asserts he

never made a claim to recover those damages. As for the liquidated damages clause, Plaintiff

argues that the facts are in dispute regarding his eligibility and that Defendant misstates the

applicable law.

Relying on McAnnally v. Wyn South Molded Products., Inc., 912 F.Supp. 512 (N.D.

Ala. 1996), Defendant argues Plaintiff cannot recover liquidated damages unless he can first

establish a "willful" violation of the FMLA. Defendant's reliance on McAnnally is

misplaced. Rather than establishing that the burden of proof rests upon the employee, the

portion of <u>McAnnally</u> referenced by Defendant simply paraphrases the requirements of the Act. As Plaintiff notes, other courts which have considered the precise issue presented here have clearly established that the burden of proof rests with the employer.

After consideration of the parties' arguments, the Court finds Plaintiff's position well supported. First, the operative language of the statute requires that the employer prove that it acted in good faith and that it had reasonable grounds for believing its act or omission was not a violation of the FMLA. <u>See</u> 29 U.S.C. § 2617(a)(1)(A)(iii) ("except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court . . . .").

The Fifth Circuit recognized the standard established by the statute places the burden on the employer. <u>See</u> <u>Nero v. Indus. Molding Corp.</u>, 167 F.3d 921, 928 (5th Cir. 1999). There the circuit stated, "a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." <u>Id.</u> at 928. The further stated, "[D]oubling of an award is the norm under the FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost. The district court's discretion to reduce the liquidated damages 'must be exercised consistently with the strong presumption under the statute in favor of doubling.'" <u>Id.</u>, quoting <u>Shea v. Galaxie Lumber & Constr. Co., Ltd.</u>, 152 F.3d 729, 733 (7th Cir. 1998)). The Tenth Circuit relied on this case in affirming an award of liquidated damages in <u>Smith v. Diffee Ford-Lincoln-Mercury, Inc.</u>, 298 F.3d 955, 963 (10th Cir. 2002).

Defendant has failed to offer any authority to support its position that Plaintiff has the burden of proving willfulness. Because this argument was the basis for its Motion for Partial Summary Judgment, that Motion will be denied. Accordingly, Defendant's Motion for Partial Summary Judgment (Dkt. No. 27) is DENIED.

IT IS SO ORDERED this 27th day of April, 2015.

ROBIN J. CAUTHRON
United States District Judge